NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-5786-13T4

TELMA MORAES,

    Plaintiff-Appellant,

v.

DIDI WESLER & SIMONY WESLER,

    Defendants-Respondents.

_____

TELMA MORAES,

    Plaintiff-Appellant,

v.

WILLIAM TAYLOR and STATE FARM
INSURANCE COMPANY,

    Defendants-Respondents.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| **February 23, 2015** |
| **APPELLATE DIVISION** |

Submitted February 3, 2015 — Decided February 23, 2015

Before Judges Fisher, Nugent, and Accurso.

On appeal from interlocutory orders of Superior Court of New Jersey, Law Division, Essex County, Docket No. L-8101-12.

Blume, Donnelly, Fried, Forte, Zerres, & Molinari, P.C., attorneys for appellant (John W. Gregorek, on the brief).

Respondents have not filed briefs.

The opinion of the court was delivered by

NUGENT, J.A.D.

On leave granted, plaintiff Telma Moraes appeals from the Law Division orders that denied her motion to consolidate her two personal injury actions and her motion for reconsideration, both unopposed. The trial court denied plaintiff's consolidation motion on a record that disclosed no significant or complex liability issue in either action, overlooked that trying the actions separately could result in inconsistent verdicts, and provided no appropriate explanation for its decision. For those reasons, we conclude the court misapplied its discretion by denying the motion to consolidate the two actions. Accordingly, we reverse and remand to the trial court to consolidate the cases for discovery and trial.

Plaintiff was injured in a November 11, 2011 accident when an oncoming car crossed the road's center line into plaintiff's lane of travel and struck the car plaintiff was driving; facts the defendant driver admitted in her interrogatory answers. According to plaintiff's medical providers, the injuries plaintiff sustained in the accident included bulging discs and a herniated disc in her cervical spine, a bulging disc in her lumbar spine, and an injury to her left knee. Seeking

compensation for her injuries, plaintiff commenced a personal injury action by filing a complaint on November 12, 2012.[1]

Less than a year later, on September 26, 2013, plaintiff was injured in a second accident when a car struck the rear of the car she was driving. According to her primary medical provider, as a result of the September 2013 accident she suffered, among other injuries, bulging discs and a herniated disc in her cervical spine, bulging discs in her lumbar spine, and aggravations of her previous cervical and lumbar injuries. Seeking compensation for her injuries, plaintiff commenced a personal injury action by filing a complaint on January 21, 2014.[2]

The following month, plaintiff filed a motion to consolidate the actions. The motion was unopposed.[3] At that time, plaintiff did not have a medical report comparing the

---

[1] Plaintiff has not included a copy of the complaint. The pleadings that are included have a 2012 docket number and plaintiff's brief states the complaint was filed on November 12, 2012.

[2] Plaintiff has not included a copy of the complaint. The pleadings that are included have a 2014 docket number and plaintiff's brief states the complaint was filed on January 21, 2014.

[3] The court stamped its order with a list of "Papers Considered," which included "opposed" and "unopposed," but did not check off any of the lines next to the items included. Plaintiff represents in her brief that the motion was unopposed.

injuries plaintiff sustained in the two accidents. The court denied the motion, explaining at the bottom of the order in a note that states in its entirety:

> [O]n the propriety of an order consolidating two actions after separate trials on liability, the court has taken this and consolidation of the liability and damages issue in one trial and given the lack of closeness in time, separate accidents but common issues of injury; confusion [of] liability combined trials, and exercising trial judge discretion in consolidation deny the application.

Following the denial of the motion, plaintiff's medical expert wrote a report in which he compared the injuries plaintiff sustained in the two accidents and discussed how each had contributed to the injuries. A medical expert retained by the tortfeasor who caused the first accident also wrote a report, opining that "any ongoing symptoms, to a reasonable degree of medical probability, relate to the [second] accident." Plaintiff filed a motion for reconsideration and submitted both reports. The court denied the motion in an order it entered without explanation.[4] Plaintiff then filed a motion for leave to file an interlocutory appeal. We granted the motion.

---

[4] Once again the court stamped its order with a list of "Papers Considered," which included "opposed" and "unopposed," but did not check off any of the lines next to the items included; nor does the order reference an oral or written explanation.

The rule that authorizes consolidation of actions, <u>Rule</u> 4:38-1, states in subsection (a): "When actions involving a common question of law or fact arising out of the same transaction or series of transactions are pending in the Superior Court, the court on a party's or its own motion may order the actions consolidated."  A trial court's decision to grant or deny a party's motion to consolidate actions is discretionary.  <u>Ibid.</u>; <u>see also</u> <u>Union Cnty. Imp. Auth. v. Artaki, LLC</u>, 392 <u>N.J. Super.</u> 141, 149 (App. Div. 2007).

We will not disturb a trial court's exercise of discretion absent an abuse of such discretion.  "Although the ordinary 'abuse of discretion' standard defies precise definition, it arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  <u>Flagg v. Essex Co. Prosecutor</u>, 171 <u>N.J.</u> 561, 571 (2002) (quoting <u>Achacoso-Sanchez v. Immigration & Naturalization Service</u>, 779 <u>F.</u>2d 1260, 1265 (7th Cir. 1985)).  An abuse of discretion also arises when "the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment."  <u>Masone v. Levine</u>, 382 <u>N.J. Super.</u> 181, 193 (App. Div. 2005).  Here, we are constrained

to conclude that the trial court abused its discretion by denying plaintiff's motion.

The trial court noted that the liability issues in the two accidents involve separate questions of law and fact. However, the liability of the respective defendants appears to be rather straightforward. The defendant driver in the first accident admitted in interrogatory answers that she swerved into the oncoming lane of traffic. The defendant driver in the second accident failed to maintain control of his vehicle, which collided with the rear of the vehicle plaintiff was driving. The defendant driver in the second accident and action was negligent. Dolson v. Anastasia, 55 N.J. 2, 10 (1969). Of course, the trial court did not have the benefit of depositions or other discovery concerning liability when it made its ruling. Nevertheless, on the record before it, it appeared that both defendants were negligent and plaintiff was not.

The damage issues in plaintiff's actions involve common questions of law and fact, a proposition that the trial court acknowledged. In fact, absent consolidation, two juries could reach inconsistent verdicts if the jury in the first action attributes plaintiff's continuing symptoms to the injuries she sustained in the second accident, and the jury in the second

6

action attributes plaintiff's continuing symptoms to permanent injuries she sustained in the first accident.

To the extent the court was concerned that the liability issues would somehow confuse the jury if tried together, there was no rational explanation for that concern, Flagg, supra, 171 N.J. at 571, and as the court overlooked the possibility of inconsistent damage verdicts, its decision "was not premised upon consideration of all relevant factors," Massone, supra, 382 N.J. Super. at 193. The court provided no other explanation for its decision.

For those reasons, we conclude that the trial court misapplied its discretion. Accordingly, we reverse and remand for consolidation of the cases for discovery and trial.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION