NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1603-15T2

RYAN RANKIN,

 Plaintiff-Respondent,

v.

STATE OF NEW JERSEY, BOROUGH
OF METUCHEN, THE PORT AUTHORITY
OF NEW YORK AND NEW JERSEY, and
ROOM RENOVATORS, INC.,

 Defendants,

and

METUCHEN PARKING AUTHORITY
and NEW JERSEY TRANSIT
CORPORATION,

 Defendants-Appellants.
______________________________________

 Argued December 13, 2016 – Decided February 15, 2017

 Before Judges Koblitz and Rothstadt.

 On appeal from Superior Court of New Jersey,
 Law Division, Middlesex County, Docket No. L-
 5231-14.

 Nicole M. Grzeskowiak argued the cause for
 appellants (Hoagland, Longo, Moran, Dunst &
 Doukas, LLP, attorneys; Jennifer Passannante,
 on the briefs).

 Norman Kline argued the cause for respondent.
PER CURIAM

 In this slip-and-fall case, defendants, Metuchen Parking

Authority (MPA) and New Jersey Transit (NJT), appeal from the Law

Division's November 20, 2015 order permitting plaintiff, Ryan

Rankin, to serve MPA with a late notice of tort claim (Notice),

N.J.S.A. 59:8-9.1 The motion judge permitted the late service

after concluding that the discovery rule applied and tolled the

accrual date of plaintiff's claim.2 NJT and MPA argue that the

judge erred because under the Tort Claims Act (TCA), N.J.S.A.

59:1-1 to 13-10, the trial court lacked jurisdiction to consider

plaintiff's application. In addition, they contend the discovery

rule did not apply because plaintiff failed to comply with the

TCA's notice requirements and failed to diligently pursue his

claim. We disagree and affirm.

 The facts derived from the motion record can be summarized

as follows. Plaintiff slipped on ice on December 13, 2013, and

sustained injuries while in a parking lot at the NJT Metuchen

train station. There are eleven parking lots at the station that

1
 Although the order under appeal is interlocutory, it is "deemed
a final judgment for appeal purposes." R. 2:2-3(a)(3).
2
 The discovery rule tolls the commencement of a statutory notice
period until an injured party reasonably becomes aware of the
injury or the identity the party that caused the injury. See
McDade v. Siazon, 208 N.J. 463, 474 (2011); see also, infra.

 2 A-1603-15T2
are owned by either NJT or defendant Borough of Metuchen

(Metuchen).

 On February 21, 2014, plaintiff served Notices on NJT,

Metuchen, and defendants the State of New Jersey and The Port

Authority of New York and New Jersey. Plaintiff's Notice described

the location of his fall as "the parking lot of Metuchen (NJ

Transit) Station."

 On August 27, 2014, plaintiff filed a complaint against the

same defendants it served with Notices and also against defendant

Room Renovators, Inc. The complaint described the location where

defendant fell as "a parking lot adjacent to the Metuchen train

station . . . ." By the beginning of December 2014, all defendants

named in the complaint had filed their answers.

 After defendants filed their answers, the parties pursued

discovery. NJT and the State served answers to plaintiff's

interrogatories in February 2015. The answers revealed that MPA

was responsible for the maintenance of the parking lot where

plaintiff fell pursuant to a lease dated February 18, 1959, between

NJT's predecessor, Pennsylvania Railroad Company, and the Parking

Authority of the Borough of Metuchen.3 After learning about MPA's

involvement, plaintiff immediately served MPA with a Notice on

3
 The Parking Authority of the Borough of Metuchen is also known
as the Metuchen Parking Authority.

 3 A-1603-15T2
February 24, 2015. The Notice, however, did not identify MPA as

an entity that plaintiff claimed caused his injuries and was served

without leave of court. Plaintiff later filed a motion for leave

to file an amended complaint to name MPA as an additional

defendant, which the court granted on May 29, 2015. Plaintiff

served MPA with the amended complaint, and on August 18, 2015, MPA

filed its answer.4

 MPA filed a motion for summary judgment in September 2015,

based upon plaintiff's failure to serve a timely Notice with prior

leave of court. The court granted that motion on October 29,

2015, without prejudice, finding that the Notice plaintiff served

was defective for not identifying MPA "as a state agency . . .

that caused the alleged damage in the Notice" and because plaintiff

did not first seek leave of court to serve a late Notice.

 Immediately after the court granted MPA's motion, plaintiff

sought leave on November 3, 2015, to serve a late Notice on MPA.

The court considered oral argument on November 20, 2015 and granted

plaintiff's application. According to the motion judge, the

discovery rule applied because plaintiff only learned of MPA's

4
 Prior to MPA filing its answer, it and Metuchen filed motions
for summary judgment, seeking dismissal of the complaint with
prejudice. The court granted that motion on August 21, 2015, as
to Metuchen only, dismissing the complaint against it with
prejudice.

 4 A-1603-15T2
involvement through the February 2015 discovery responses, and the

delay in learning about MPA's role was not due to plaintiff's

"lack of diligence" as MPA's lease "would not have been easily

discoverable except by doing discovery" in this case. The judge

further stated that he found any delay in serving MPA did not

"cause any hardship . . . or unfairness" to MPA, as "the litigation

is still" ongoing and "discovery [is] ongoing so that discovery

that has already been obtained will be available to" MPA.

According to the judge, because plaintiff could not have discovered

the relationship earlier between MPA and the property where

plaintiff fell, "the accrual date . . . [of plaintiff's cause of

action] occur[ed] at the time that . . . [he] learn[ed] of that

lease agreement."

 Plaintiff served MPA with the late Notice and then sought and

obtained permission from the court to file a new amended complaint,

naming MPA as an additional defendant. This appeal followed.

 We begin our review by acknowledging the "strict"

requirements for the timely service of a Notice upon a governmental

entity that are set forth in the TCA. See McDade, supra, 208 N.J.

at 468. Pursuant to the TCA, "[n]o action shall be brought against

a public entity or public employee under this act unless the claim

upon which it is based shall have been presented" to the

appropriate public entity in a written Notice. N.J.S.A. 59:8-3;

 5 A-1603-15T2
see N.J.S.A. 59:8-4 to -7. "A claim relating to a cause of action

for death or for injury or damage to person or to property shall

be presented as provided in this chapter not later than the 90th

day after accrual of the cause of action." N.J.S.A. 59:8-8.

 N.J.S.A. 59:8-1 provides the date of accrual for a cause of

action "shall mean the date on which the claim accrued and shall

not be affected by the notice provisions contained herein."

N.J.S.A. 59:8-8 provides, in relevant part, that a "claimant shall

be forever barred from recovering against a public entity . . .

if . . . [he or she] failed to file the claim with the public

entity within 90 days of the accrual of the claim except as

otherwise provided in N.J.S.A. 59:8-9 . . . ."

 In enacting N.J.S.A. 59:8-9, "the Legislature recognized that

discretionary judicial relief from the ninety-day [TCA]

requirement may be necessary to ameliorate the consequence of a

late filing in appropriate cases." McDade, supra, 208 N.J. at

476. Because "the notice provisions of the [TCA] were not intended

as a 'trap for the unwary,'" Lowe v. Zarghami, 158 N.J. 606, 629

(1999) (citation omitted), the TCA permits a claimant who does not

serve a Notice within the ninety-day period to seek permission to

file a late Notice. Permission may be granted in the discretion

of a judge, "within one year after the accrual of . . . [a] claim,

provided that the public entity or the public employee has not

 6 A-1603-15T2
been substantially prejudiced thereby." N.J.S.A. 59:8-9. The

statute also states:

 Application to the court for permission to
 file a late notice of claim shall be made upon
 motion . . . showing sufficient reasons
 constituting extraordinary circumstances for
 his failure to file notice of claim within the
 period of time prescribed by section 59:8-8
 of this act or to file a motion seeking leave
 to file a late notice of claim within a
 reasonable time thereafter; provided that in
 no event may any suit against a public entity
 or a public employee arising under this act
 be filed later than two years from the time
 of the accrual of the claim.

 [N.J.S.A. 59:8-9.]

 If a claimant seeks to present a late Notice pursuant to the

TCA, "the grant or denial of remedial relief is 'left to the sound

discretion of the trial court, and will be sustained on appeal in

the absence of a showing of an abuse thereof.'" McDade, supra,

208 N.J. at 476-77 (citation omitted). "Although the ordinary

'abuse of discretion' standard defies precise definition, it

arises when a decision is 'made without a rational explanation,

inexplicably departed from established policies, or rested on an

impermissible basis,'" Moraes v. Wesler, 439 N.J. Super. 375, 378

(App. Div. 2015) (quoting Flagg v. Essex Co. Prosecutor, 171 N.J.

561, 571 (2002)), or when "the discretionary act was not premised

upon consideration of all relevant factors, was based upon

consideration of irrelevant or inappropriate factors, or amounts

 7 A-1603-15T2
to a clear error in judgment." Id. (quoting Masone v. Levine, 382

N.J. Super. 181, 193 (App. Div. 2005)).

 On appeal, MPA and NJT assert the trial court abused its

discretion by granting plaintiff's motion because the TCA bars a

claimant from serving a late Notice after one year from the date

of the accident, as stated in N.J.S.A. 59:8-9. They disagree with

the motion judge that the discovery rule tolled the accrual of

plaintiff's claim against MPA, arguing instead that date remained

the day he fell in December 2013. They also contend the court

lacked jurisdiction to permit plaintiff to file a late Notice

because plaintiff initially mailed MPA a late Notice without first

seeking leave of court and only sought leave after the court

granted MPA summary judgment in its favor.

 As to the discovery rule, MPA and NJT contend that plaintiff

failed to take reasonable steps to ascertain the party responsible

for maintenance of the parking lot because he did not show proof

that he had searched the public record, filed an Open Public

Records Act5 request, or conducted pre-litigation discovery.

According to MPA and NJT, the information regarding the owner of

the parking lot where plaintiff fell was readily available online

on NJT's website. Furthermore, they claim that even if the

5
 N.J.S.A. 47:1A-1 to -13.

 8 A-1603-15T2
discovery rule was applicable, the trial court did not find that

extraordinary circumstances existed that would justify allowing

plaintiff to file a late Notice.

 In response, plaintiff argues that it was not reasonably

possible for him to discover that MPA was a potential defendant

until receipt of NJT's responses to discovery, which included

MPA's lease. He asserts that searching records of owners or

looking at NJT's website would not have revealed MPA's involvement

because NJT remained the record owner and its website merely

identified MPA as a "contact." Plaintiff contends that his serving

Notices upon the other public defendants, within the requisite

ninety-day period, and his filing for leave to serve MPA with a

late Notice within one year after discovery of the lease supports

a finding of extraordinary circumstances. Therefore, the motion

judge properly granted plaintiff's motion, especially since MPA

did not suffer any undue hardship or prejudice. Plaintiff contends

that based on these facts, the motion judge did not abuse his

discretion.

 We have considered the parties' arguments in light of the

record and the applicable legal principles. We conclude from our

review that the motion judge did not abuse his discretion because

the judge correctly concluded that the discovery rule applied to

 9 A-1603-15T2
plaintiff's claim and he timely sought leave to file the late

Notice.

 "The Legislature enacted the [TCA] to afford circumscribed

relief from the doctrine of sovereign immunity." McDade, supra,

208 N.J. at 474. In light of the public policy that "public

entities shall only be liable for their negligence within the

limitations of [the TCA]," N.J.S.A. 59:1-2, "[g]enerally, immunity

for public entities is the rule and liability is the exception."

McDade, supra, 208 N.J. at 474 (alteration in original) (quoting

Fleur v. City of Cape May, 159 N.J. 532, 539 (1999)).

 The "notice requirements are an important component of the

statutory scheme." Ibid. (citing N.J.S.A. 59:8-8 and -9).

Although notice requirements, such as the one stated in N.J.S.A.

59:8-9, are typically strictly construed, "in certain

circumstances . . . they are subject to equitable constraints."

Fox v. Millman, 210 N.J. 401, 415 (2012).

 The discovery rule is an example of an "equitable restraint"

applicable to the TCA's bar for failure to serve a timely Notice.

That rule "may affect the timeliness of a notice of claim in

appropriate cases, by tolling the date of accrual for purposes of

computing the ninety-day period set forth in N.J.S.A. 59:8-8(a)."

McDade, supra, 208 N.J. at 474 (citing Lamb v. Glob. Landfill

Reclaiming, 111 N.J. 134, 145 (1988)). "The discovery rule tolls

 10 A-1603-15T2
the commencement of the ninety-day notice period only '[u]ntil the

existence of an injury (or, knowledge of the fact that a third

party has caused it) is ascertained.'" Id. at 475 (alteration in

original) (quoting Beauchamp v. Amedio, 164 N.J. 111, 122 (2000)).

When applying the discovery rule, the trial court must determine

"whether the facts presented would alert a reasonable person,

exercising ordinary diligence, that he or she was injured due to

the fault of another." Caravaggio v. D'Agostini, 166 N.J. 237,

246 (2001).

 When a claimant has filed a motion for leave to file a late

Notice, a court must apply a two-step process in determining

whether to grant the motion. Beauchamp, supra, 164 N.J. at 118-

19.

 The first task is always to determine when the
 claim accrued. The discovery rule is part and
 parcel of such an inquiry because it can toll
 the date of accrual. Once the date of accrual
 is ascertained, the next task is to determine
 whether a notice of claim was filed within
 ninety days. If not, the third task is to
 decide whether extraordinary circumstances
 exist justifying a late notice. Although
 occasionally the facts of a case may cut
 across those issues, they are entirely
 distinct.

 [Ibid.]

In addition, there must "be a showing of 'sufficient reasons

constituting extraordinary circumstances' for the claimant's

 11 A-1603-15T2
failure to timely file, and second, that the public entity not be

'substantially prejudiced' thereby." McDade, supra, 208 N.J. at

477 (quoting N.J.S.A. 59:8-9).

 Applying these guiding principles, we discern no abuse of

discretion in the motion judge's decision. The motion judge's

findings were supported by sufficient facts and consistent with

the TCA. The judge properly determined the accrual date of

plaintiff's claim, recognizing his accident occurred in December

2013, but that plaintiff could not reasonably determine MPA's role

before February 2015, despite plaintiff taking reasonable steps

to ascertain the party responsible for the property where he fell.

The judge then determined that plaintiff took all reasonable action

to serve a Notice on MPA and, although he initially dismissed the

claim without prejudice for failing to seek leave of court, he

properly held that permission to serve the late Notice within one

year of the claim's accrual date should be granted. The judge

relied upon plaintiff's diligent actions, the extraordinary

circumstances6 that prevented plaintiff from identifying MPA, and

the lack of prejudice to MPA.

6
 Although the motion judge did not use the words "extraordinary
circumstances," we can infer from his decision he made that
finding, see Giannakopoulos v. Mid State Mall, 438 N.J. Super.
595, 607 n.5 (App. Div. 2014) (inferring a judge's finding of
"exceptional circumstances" under Rule 1:13-7 from the judge's
"quoted language"), certif. denied, 221 N.J. 492 (2015).

 12 A-1603-15T2
 MPA's reliance on McDade does not compel a different result.

In that case, the Supreme Court affirmed our decision to bar a

plaintiff's claim because the discovery rule was inapplicable.

The Court observed:

 There . . . [was] no evidence that plaintiffs
 searched the public record, inquired about the
 ownership of the pipe . . . [that caused
 plaintiff to fall], or took any affirmative
 steps to determine the identity of the pipe's
 owner. Given plaintiffs' awareness of the
 injury, and their knowledge that the entity
 responsible for the pipe was a potential
 tortfeasor, the discovery rule does not toll
 the date of accrual of plaintiffs' cause of
 action.

 [McDade, supra, 208 N.J. at 479 (citations
 omitted).]

 Moreover, in McDade, the plaintiffs never filed a motion for

leave to file a late Notice. Ibid. In this case, the evidence

established plaintiff searched for and found the owner of the

property where he fell and filed for leave of court to serve a

late Notice when he learned of MPA's involvement. These

significant distinctions make MPA's reliance on McDade inapposite.

 Under these circumstances and affording the judge's decision

the deference to which it is entitled, see id. at 476-77, we have

no reason to disturb the result in this case.

 Affirmed.

 13 A-1603-15T2