**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5419-16T3

SERGEY FRADKOV,

     Plaintiff,

v.

NATALIA KRONFELD,

     Defendant.

_____

SNYDER SARNO D'ANIELLO
MACERI & DA COSTA, LLC,

     Petitioner-Respondent,

v.

NATALIA KRONFELD,

     Defendant-Appellant.

_____

     Submitted January 9, 2019 – Decided January 31, 2019

     Before Judges Nugent, Reisner and Mawla.

On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1337-13.

Gambourg Law Group, attorneys for appellant (Roman V. Gambourg, of counsel and on the briefs).

Snyder Sarno D'Aniello Maceri & Da Costa, LLC, respondent pro se (Angelo Sarno and Scott D. Danaher, of counsel and on the briefs).

PER CURIAM

Defendant Natalia Kronfeld appeals from a July 14, 2017 order awarding approximately $148,000 in counsel fees to the law firm that represented her in her divorce action. We affirm substantially for the reasons stated by the trial judge. We add the following brief comments.

First, defendant argues that the trial judge erred in denying her motion to consolidate the attorney fee claim with her pending malpractice claim against the attorneys. Judge Ronny Jo Siegal set forth her reasons for denying consolidation in oral opinion on June 1, 2016. We agree with Judge Siegal that the consolidation motion was untimely, having been filed less than a month before the scheduled plenary hearing on the counsel fees. The attorney fee motion was filed in June 2015, and was scheduled to be heard at a plenary hearing starting on June 1, 2016. The malpractice action was not filed until March 4, 2016, and the consolidation motion was not filed until May 4, 2016.

2

We find no abuse of discretion in the trial judge's decision to deny that motion as untimely. See Moraes v. Wesler, 439 N.J. Super. 375, 378 (App. Div. 2015).

Next, in a point consisting of one paragraph, defendant argues that in awarding fees, the judge did not address the reasonableness of the amount of time the attorneys spent on the case.[1] Judge Siegal's written opinion discussed at length the reasonableness of the time spent. Because defendant failed to file a statement of facts with relevant citations to the record, we deem the judge's factual findings about the fee application as uncontested on appeal. Based on the facts as the judge found them to be, we find no clear abuse of discretion in the fee award. See Rendine v. Pantzer, 141 N.J. 292, 317 (1995).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[1] Defendant's entire appellate brief is five pages long and is devoid of relevant citations to the evidentiary record. See R. 2:6-2(a)(4) and (5).

A-5419-16T3