**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3699-18T2

DIEGO AJPACAJA,

     Plaintiff-Appellant,

v.

PRO-LINE BUILDERS, LLC,
PRO-LINE BUILDERS,
VASKEN JANSEZIAN,
RB FRAMING
CONTRACTORS, LLC,
ANGEL RUANO, DE&J
MASONRY FRAMING, LLC,
HEM CONSTRUCTION,
LLC, and HALUK B. TUNALI,

     Defendants,

and

COLIN STANTON,

     Intervenor-Respondent.

_____

Submitted October 1, 2020 – Decided October 20, 2020

Before Judges Ostrer and Vernoia.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-3164-15.

Kelly Law, PC, attorneys for appellant (Stephanie Tolnai and Charles P. Kelly, on the briefs).

Leary, Bride, Mergner & Bongiovanni, attorneys for respondent (William H. Mergner, Jr., and Peter M. Bouton, on the brief).

PER CURIAM

This appeal involves a dispute between two attorneys over a referral fee. After putting through settlements of a personal injury action, plaintiff's attorney, Gerald Clark, asked the court to declare void his agreement to pay a referral fee to Colin Stanton, Ajapcaja's worker's compensation attorney. Stanton filed a motion to intervene and asked the court to enforce the lawyers' agreement. The court denied both lawyers' requests on procedural grounds, and recommended Stanton amend his complaint against Clark in a pending lawsuit in the same county over referral fees in several other cases. Clark appeals, contending the court should have decided the issue, and done so in his favor.

We disagree. The court appropriately declined to reach the merits, although we believe the court should have consolidated the Ajpacaja fee dispute with the pending lawsuit, rather than simply deny the motion. However, that

A-3699-18T2

point is now moot, as Stanton did amend his complaint, bringing the Ajpacaja fee dispute before the other judge in the broader lawsuit over the referral fees.

For several years, appellant Gerald Clark, a certified civil trial attorney, and respondent Colin Stanton, appeared to have a mutually beneficial relationship referring clients to each other. In this case, Stanton handled Diego Ajpacaja's worker's compensation claim, and referred Ajpacaja to Clark to represent him in a personal injury action against others not shielded by the worker's compensation bar. Consistent with <u>Rule</u> 1:39-6(d), Clark had agreed to pay Stanton one-third of his fee, which in turn equaled one third of Ajpacaja's recovery, and to do so without regard to Stanton's efforts or lack thereof. Ajpacaja retained Clark, who filed suit and litigated the matter over an extended period. Clark ultimately secured significant settlements of Ajpacaja's claims against two parties.

In two separate hearings, after securing Ajpacaja's consent on the record to the settlement against the two defendants, Clark and another member of his firm questioned Ajpacaja about Stanton's referral fee. Stanton was not present. It turns out that neither Stanton nor Clark had obtained Ajpacaja's consent to the lawyers' agreement before or shortly after it was entered. Clark elicited that Ajpacaja was unaware of the lawyers' agreement until Stanton advised him

several months before the personal injury case was resolved. Ajpacaja stated, regarding each settlement, that he consented to Stanton receiving a fee, but he believed that Stanton was entitled to a lesser amount than the attorneys agreed.

Clark then filed a motion asking the court to declare the referral fee agreement void ab initio, because Stanton failed to secure Ajpacaja's advance consent. Stanton moved to intervene and cross-moved to enforce the agreement. Clark argued that Stanton, as the referring attorney, was obliged to secure the client's approval of the referral, and, having failed to do so, the contract between the attorneys was void under R.P.C. 1.5(e). That rule states that a division of fees between lawyers of different firms may be made only if, among other things, "the client is notified of the fee division" and "consents to the participation of all the lawyers involved." The rule does not expressly state who — the referring or the receiving attorney or both — must provide notice and obtain consent.[1]

The trial judge denied both attorneys' motions, and later denied cross-motions for reconsideration. The court held that the attorneys' dispute should be considered within an already pending lawsuit in the same vicinage, Stanton

---

[1] Notably, R.P.C. 1.5(b) separately requires that any lawyer who has "not regularly represented" a client to communicate in writing "the basis or rate of the fee" before or shortly after starting work for the client.

4

v. Clark, ESX-L-7877-16, involving Stanton's claim for referral fees in several other matters. A fee-related lawsuit that Clark filed against Stanton in Ocean County had already been consolidated with Stanton v. Clark. The judge stated that the fee "issue should not be decided piecemeal by different [j]udges but globally by one [j]udge." The court recommended Stanton amend his complaint in the pending action to add his claim for fees in Ajpacaja's matter.

Stanton subsequently amended his complaint in Stanton v. Clark. Thereafter, he secured partial summary judgment related to the Ajpacaja fee dispute. That interlocutory order is not before us.[2] Stanton v. Clark was still pending when briefs were filed in this appeal.

In his appeal, Clark reprises his arguments before the trial court, and contends the court was obliged to decide the fee issue in the context of Ajpacaja's case. He cites multiple cases in which a trial court chose to resolve a fee dispute between attorneys in the context of the underlying action. However, none of those cases indicate that a separate lawsuit was already pending between the two attorneys involving multiple related referral fee claims.

The issue before us is not whether the trial court was empowered to decide the fee issue. The issue is whether the trial court was obliged to do so, rather

---

[2] Clark's motion for leave to appeal was denied.

than have the matter decided in conjunction with other related disputes. The trial court's evident goal was to consolidate the Ajpacaja fee dispute with the disputes already pending in Stanton v. Clark. "When actions involving a common question of law or fact arising out of the same transaction or series of transactions are pending in the Superior Court, the court on a party's or its own motion may order the actions consolidated." R. 4:38-1(a). As both the Ajpacaja case and Stanton v. Clark were pending in the same county, the trial judge did not need the Assignment Judge's involvement. Ibid.

A decision to consolidate is a discretionary determination. Union Cnty. Imp. Auth. v. Artaki, 392 N.J. Super. 141, 148-49 (App. Div. 2007). Consolidation was reasonable under the circumstances. The ongoing lawsuit between the parties already involved discovery regarding the two lawyers' course of dealing and alleged understandings between them. Another judge in the same vicinage was already familiar with the broader fee dispute between the attorneys. The dispute raises significant issues of law, and consolidation would avoid inconsistent or contradictory results.[3] A principal goal of consolidation is

---

[3] As did the trial judge whose order is before us, we decline to address the merits of the dispute over the Ajpacaja fee, including among other issues who (Stanton, Clark, or both) was responsible to inform Ajpacaja of the referral fee agreement and obtain his consent, assuming for argument's sake that R.P.C. 1.5(e)'s notice

to avoid inconsistent rulings on common questions of law or fact.  See, e.g., Moraes v. Wesler, 439 N.J. Super. 375, 379 (App. Div. 2015).

Our court rules and case law strive to avoid piecemeal decisions. DiTrolio v. Antiles, 142 N.J. 253, 267 (1995).  For example, "the entire controversy doctrine seeks to assure that all aspects of a legal dispute occur in a single lawsuit."  Olds v. Donnelly, 150 N.J. 424, 431 (1997).  The goal is to "promote judicial efficiency, assure fairness to all parties with a material interest in an action, and encourage the conclusive determination of a legal controversy." Ibid.

To assure a global resolution of the fee disputes between Clark and Stanton, the trial judge should have ordered the Ajpacaja fee dispute consolidated with Stanton v. Clark, rather than deny the two lawyers' motions and place the responsibility on Stanton to join the actions by way of a motion to amend the complaint.  But, the motion to amend was filed and granted.  So, the end result is the same, and no effective relief would be granted by reversing the denial of the motions and remanding for entry of a consolidation order.  We will not decide a case in which "a judgment cannot grant effective relief."  Cinque v.

---

and consent requirement applies to referrals under Rule 1:39-6(d), see Michels, New Jersey Attorney Ethics, § 36:5-2 (2020) (suggesting it does); and whether the failure to do so rendered the agreement void ab initio.

N.J. Dep't of Corr., 261 N.J. Super. 242, 243 (App. Div. 1993) (quoting Anderson v. Sills, 143 N.J. Super. 432, (Ch. Div. 1976)).  Therefore, the appeal is dismissed as moot.

Dismissed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION