**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2856-19

LORI SGRO-LOFARO,

    Plaintiff-Appellant,

v.

DOMENIC LOFARO,

    Defendant-Respondent.

_____

          Argued October 4, 2021 – Decided October 18, 2021

          Before Judges Fasciale and Sumners.

          On appeal from the Superior Court of New Jersey, Chancery Division, Family Part, Bergen County, Docket No. FM-02-1003-13.

          Silvana D. Raso argued the cause for plaintiff (Schepisi & McLaughlin, PA, attorneys; Silvana D. Raso and Michael Caulfield, on the briefs).

          Joshua A. Freeman argued the cause for defendant (Schultz & Associates, LLC, attorneys; Carrie S. Schultz, Joshua A. Freeman and Andrew J. Economos, on the brief).

PER CURIAM

Plaintiff appeals from a February 7, 2020 order granting in part and denying in part her motion seeking, among other things, to compel defendant's remittance of money in accordance with the trial judge's amended dual final judgment of divorce and denying attorney's fees. Plaintiff primarily asserts that the motion judge "rewrote" the trial judge's opinion and order by requiring that defendant remit all net proceeds from the sale of the parties' Oradell home to plaintiff rather than distributing the proceeds fifty-fifty. We disagree with this assertion and affirm.

We are thoroughly familiar with the facts. We previously upheld the April 10, 2017 amended dual final judgment of divorce, entered after a lengthy trial. Sgro-LoFaro v. LoFaro, No. A-3947-16 (App. Div. Dec. 5, 2018) (slip op. at 2). At that time, we rejected defendant's argument that the trial judge abused her discretion by determining that "plaintiff was entitled to all proceeds from the sale of the [Oradell home], which would be used to pay plaintiff's attorney's fees, reimburse expenses paid on behalf of the children, and satisfy any judgment creditors." Id. at 3.

In June 2019, and pertinent to this appeal, plaintiff filed a motion to compel defendant to remit the awarded counsel fees and reimburse expenses paid on behalf of the children. On appeal, plaintiff asserts that the sentence in

A-2856-19

the concluding paragraph of the trial judge's opinion directing that "[defendant] shall pay . . . to [plaintiff] from his share of the net proceeds of the Oradell home" entitles her to fifty percent of the net proceeds of the sale. As part of the motion, plaintiff additionally sought an award of attorney's fees for the enforcement of the amended dual final judgment of divorce.

On February 7, 2020, the motion judge conducted oral argument and issued an order and oral opinion granting plaintiff's motion in part, denying plaintiff's request for fifty percent of the net sale proceeds of the Oradell home and her request for attorney's fees. The motion judge noted that nowhere in the trial judge's opinion or amended dual final judgment of divorce was the Oradell house apportioned fifty percent to plaintiff and fifty percent to defendant. He noted that the trial judge's opinion stated that "[a]ll net proceeds from the sale of the Oradell home shall be utilized to pay [plaintiff]" and "[f]rom the sale proceeds of the Oradell home, [plaintiff] shall be reimbursed for all college and related expenses incurred for" their two daughters, Alexa and Olivia. The motion judge characterized the mention of defendant's "share of the net proceeds of the Oradell home" as an "isolated reference," a "scrivener's error," and "not reflective of [the trial judge's] intent."

3

On appeal, plaintiff raises the following arguments for this court's consideration:

POINT I

WHETHER THE MOTION JUDGE ERRED WHEN HIS ORDER REVERSE[D] [THE TRIAL JUDGE'S] RULING THAT DEFENDANT PAY ALL COLLEGE EXPENSES AND ALL ATTORNEY[']S FEES[.]

POINT II

WHETHER THE MOTION JUDGE ERRED BY FAILING TO AWARD PLAINTIFF THE ATTORNEY'S FEES INCURRED IN MAKING THE POST-JUDGMENT ENFORCEMENT MOTION WHEN DEFENDANT WAS FOUND TO BE IN VIOLATION OF COURT ORDERS[.]

The trial judge's order states that "all net closing proceeds shall be paid to [plaintiff] [defendant's] outstanding obligations to her, as set forth in the [d]ecision and [o]pinion incorporated herein."

The trial judge's written opinion includes three references to the sale proceeds being used to satisfy defendant's responsibilities to plaintiff. First, in the trial judge's analysis of the equitable distribution of the home, she concludes that "[a]ll net proceeds from the sale of the Oradell home shall be utilized to pay [plaintiff] for counsel fees, reimbursements of expenses paid on behalf of the children as set forth herein, and any [j]udgment creditors of record and those

4

remaining as per [a prior order], if any." Second, under the trial judge's distribution of their children's college expenses, and in accordance with the initial distribution of the sale proceeds of the Oradell home, she determined that "[f]rom the sale proceeds of the Oradell home, [plaintiff] shall be reimbursed for all college and related expenses incurred for Alexa" as well as her college tuition bill. And third, the trial judge reiterated the same determination as to Olivia's college expenses, stating that "[f]rom the sale of the Oradell home, [plaintiff] shall be reimbursed for any college and related expenses incurred for Olivia."

Plaintiff focuses on the final paragraph of the trial judge's opinion. After concluding that plaintiff is entitled to all counsel fees and disbursements arising from the divorce litigation, the trial judge directed that "[defendant] shall pay same to [plaintiff] from his share of the net proceeds of the sale of the Oradell home." Plaintiff contends that this language supports the conclusion that "there is nothing in [the trial judge's] decision indicating that [the proceeds from the sale of the Oradell home] should be split in any fashion other than equally."

The motion judge determined that the trial judge's inclusion of "all net closing proceeds," as well as twice referring to "the proceeds of the sale," is

A-2856-19

clear and consistent with her findings. As a result, he concluded that "defendant is entitled to a credit from the sale of the Oradell home, in the full amount."

We agree with the motion judge's conclusion that "[defendant's] share of the net proceeds of the sale" language does not supplant the trial judge's clear intent, as evidenced by the entire record. The trial judge specifically addressed the distribution of the Oradell home and stated that "[a]ll net proceeds from the sale of the Oradell home shall be utilized to pay [plaintiff]." As the motion judge noted, the logical conclusion of plaintiff's argument would require that the amended dual final judgment of divorce be vacated because the trial judge's distribution of the proceeds was ambiguous. And assuming that the trial judge was not clear that all net proceeds of the sale were to be used to reimburse plaintiff and this conclusion would not require vacating the order, it does not follow that the asset would by default be distributed equally. See M.G. v. S.M., 457 N.J. Super. 286, 295 (App. Div. 2018) (noting that "an equitable distribution does not presume an equal distribution") (citing Rothman v. Rothman, 65 N.J. 219, 232 n.6 (1974)).

We reject plaintiff's additional argument that the motion judge erred in denying her request for attorney's fees, as plaintiff contends was based on an

6

erroneous finding that defendant was entitled to a credit from the sale of the Oradell home in the full amount.

We will not disturb a family judge's determination as to counsel fees except for the "'rarest occasion,' . . . only because of clear abuse of discretion." Strahan v. Strahan, 402 N.J. Super. 298, 317 (App. Div. 2008) (quoting Rendine v. Pantzer, 141 N.J. 292, 317 (1995)). "[A]n abuse of discretion 'arises when a decision is made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" State v. R.Y., 242 N.J. 48, 65 (2020) (internal quotations omitted) (quoting Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002)). "An abuse of discretion also arises when 'the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment.'" Moraes v. Wesler, 439 N.J. Super. 375, 378 (App. Div. 2015) (quoting Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005)).

A family judge has discretion to award counsel fees subject to the provisions of Rule 4:42-9. As part of that determination, the family judge should consider:

> (1) the financial circumstances of the parties; (2) the ability of the parties to pay their own fees or to

contribute to the fees of the other party; (3) the reasonableness and good faith of the positions advanced by the parties both during and prior to trial; (4) the extent of the fees incurred by both parties; (5) any fees previously awarded; (6) the amount of fees previously paid to counsel by each party; (7) the results obtained; (8) the degree to which fees were incurred to enforce existing orders or to compel discovery; and (9) any other factor bearing on the fairness of an award.

[R. 5:3-5(c).]

The motion judge analyzed each factor and placed his findings of fact on the record before denying plaintiff's request for attorney's fees. The motion judge did not abuse his discretion in denying plaintiff's request for attorney's fees or by enforcing the trial judge's order.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

8