**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1475-23

A & M TRUCKING &
WAREHOUSING,

 Plaintiff-Appellant,

v.

MTC KENWORTH, INC.,

 Defendant-Respondent,

and

PACCAR FINANCIAL,

 Defendant.

_____

    Submitted September 8, 2025 – Decided September 16, 2025

    Before Judges Sabatino and Bergman.

    On appeal from the Superior Court of New Jersey, Law
    Division, Bergen County, Docket No. L-1160-19.

    Fusco & Macaluso, PC, attorneys for appellant (Amie
    E. DiCola, on the brief).

    Michael J. Sprague, attorney for respondent.

PER CURIAM

Plaintiff A & M Trucking & Warehousing appeals from a trial court order denying its motion to reinstate its complaint against defendant MTC Kenworth, Inc., previously dismissed without prejudice for lack of prosecution pursuant to Rule 1:13-7. After our review of the record and application of the relevant legal principles, we affirm.

I.

Plaintiff filed a complaint against defendant and co-defendant Paccar Financial ("Paccar") in February 2019. At issue was the condition of a used tractor purchased from defendant on or around July 2014. At the time, defendant was operating a truck dealership. The defendant company closed in 2015 after the death of its owner.

Plaintiff alleged the tractor required multiple repairs over the next three years. In December 2017, plaintiff housed the tractor at a dealership in Ridgefield Park. Thereafter, in that same month, the tractor was moved to a non-party dealership in Dayton. After defendant and Paccar were served with plaintiff's complaint, on March 25, 2019, Paccar filed a notice to transfer the case to federal court based on diversity jurisdiction.

2

Paccar transferred the case to federal court before defendant filed a responsive pleading in the Law Division matter. Defendant attempted to appear in the Law Division matter by submitting an answer on April 22, 2019. The answer was not filed by the court because the case had been transferred to federal court. Thereafter, plaintiff agreed to voluntarily dismiss its claims against Paccar. On May 20, 2019, a Stipulation of Dismissal was filed in federal court, which was executed and filed on June 14, 2019. Upon Paccar's dismissal, the federal case was closed. On June 20, 2019, plaintiff's counsel sent a letter to the federal court requesting the case be returned to the Law Division.

The next event of relevance here occurred in March 2020 when plaintiff requested defendant sign a consent order to transfer the case from the federal court to the Law Division. Defendant agreed and the parties submitted a consent order, which was entered in the federal court docket on March 30, 2020, uploaded to its case history, and forwarded to the Law Division clerk. The consent order was e-filed and uploaded to the Law Division's case history on April 7, 2020.

On August 14, 2020, the trial court served plaintiff with a sixty-day warning notice that its complaint would be dismissed due to lack of prosecution pursuant to Rule 1:13-7(a) because plaintiff had not requested entry of default

3

after the federal court transferred the matter to the Law Division. When plaintiff took no action in response to the dismissal warning, the complaint was dismissed without prejudice on October 17, 2020.

The record before us indicates that sometime in 2021 plaintiff's counsel requested defendant to consent to restore the complaint but defendant denied this request. On September 8, 2023, the dealership, which had possessed the tractor for six years, advised plaintiff of its intent to sell or dispose of the vehicle. Thereafter, plaintiff filed its motion seeking restoration of the complaint in December 2023.

The trial court heard oral argument on January 5, 2024, and denied plaintiff's motion. The court determined that since the case was dismissed for lack of prosecution pursuant to Rule 1:13-7, it is required to "apply the good cause standard" concerning reinstatement. The court found "good cause requires that there be some demonstration by the movant to explain [] the delay. . . ." The court determined there was no dispute the vehicle was "purchased in 2014, and the last time defendant did any work . . . . was in 2014." The court additionally found defendant's "business closed in January of 2015, and it's been out of business, and the former owner died."

A-1475-23

The court determined the complaint was filed in February 2019 and plaintiff's counsel sent a spoliation letter to the dealership which possessed the vehicle in May of 2019. The court found "plaintiff abandoned the vehicle sometime in 2017 or 2018." The court also determined the "federal case was dismissed on June 19, 2019" and "nothing else happened until March of 2020, when plaintiff sought a consent order to remand to the state court . . . and the case was remanded to state court."

The court noted that "on August 15, 2020, the [c]ourt issued a lack of prosecution warning and then dismissed" the matter on October 7, 2020. The court found not until "more than three years later, a motion to reinstate [was filed]." The court also determined there was no evidence [i]n the record of any diligent pursuit of the claim by plaintiff or that any "certification was submitted by counsel explaining this delay." The court stated it understood

> there was some confusion and difficulty perhaps in reaching court personnel at the early stages of the pandemic. But counsel knew and presumably the client knew, . . . in 2020 that they had signed a consent order to remand, and by 2021 learned that the case had . . . been remanded successfully but [the case] had been dismissed for lack of prosecution in October of 2020, and no action was taken with the [c]ourt to try to revive the case.

5

The court found it had provided email notices of the "first lack of prosecution warning" as well as the dismissal without prejudice order to the email address of counsel of record for the plaintiff. The court also thoughtfully recognized and took into consideration the health difficulties of plaintiff's trial counsel[1] which were disclosed in its motion, but found plaintiff's current counsel "was the attorney responsible for [the current motion] in the interim during these various times [and counsel] was the one who solicited and received the order of remand." The court determined "as of 2020, regardless of the other people who were maybe not available at the firm to work on it, [counsel] had a responsibility to the case, and the firm . . . had a responsibility to the case and to the client."

The court further determined "[defendant's mechanics who worked on the tractor had] all moved on, . . . the owner's dead, and everyone else is now five more years out of contact, is a prejudice" because those witnesses are "necessary for the [defendant to present a] defense. And the [d]efendant is the one who will be prejudiced by not having access to witnesses who can respond to [p]laintiff's allegations." The court concluded

> the warranty's expired and the last contact [d]efendants
> had with the truck was in 2014, I'm not sure what claims
> might be viable, but I think there were allegations of

---

[1] Plaintiff's trial counsel was ill for an extended period and has since passed away.

A-1475-23

misrepresentations and fraud. And maybe those were viable claims in 2018 and [20]19 when the case was filed, but the [c]ourt is not going to reinstate at this time after the lack of prosecution for this period of time and the increase in prejudice to the [d]efendant.

On appeal, plaintiff asserts the trial court abused its discretion by finding no good cause existed to reinstate its complaint and that the prejudice suffered by defendant outweighed plaintiff's right to fully and fairly litigate its claims on its merits.

II.

In single defendant cases, Rule 1:13-7(a) provides for reinstatement of a dismissed complaint upon the filing of a motion, which shall be granted on good cause shown if the motion for reinstatement is filed within ninety days of the order of dismissal. In applying Rule 1:13-7, "courts have been consistent in following prior case law by engrafting an 'absence of prejudice to the defendant' standard onto the 'good cause' standard." Pressler & Verniero, Current N.J. Court Rules, cmt. 1.2 on R. 1:13-7 (2026).

"[A]bsent a finding of fault by the plaintiff and prejudice to the defendant," motions to reinstate a complaint dismissed for lack of prosecution should be viewed liberally. Ghandi v. Cespedes, 390 N.J. Super. 193, 197 (App. Div. 2007). In considering the prejudice to a defendant in reviewing a motion

to reinstate pursuant to Rule 1:13-7, "[t]he key determinate . . . is whether 'specific or demonstrable prejudice' was inflicted upon the defendant. . . . To that end, '[t]he principal concern in determining prejudice is impairment of the defendant's ability to present a defense on the merits.'" Stanley v. Great Gorge Country Club, 353 N.J. Super. 475, 490 (Law Div. 2002) (fourth alteration in original) (quoting State v. One 1986 Subaru, 120 N.J. 310, 315 (1990)). "[T]he prejudice alleged must be concrete and not hypothetical." Ibid.; see also Moschou v. DeRosa, 192 N.J. Super. 463, 467 (App. Div. 1984).

"We will not disturb a trial court's exercise of discretion absent an abuse of such discretion." Moraes v. Wesler, 439 N.J. Super. 375, 378 (App. Div. 2015). An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'" Ibid. quoting Flagg v. Essex Co. Prosecutor, 171 N.J. 561, 571 (2002). An abuse of discretion also arises when "the discretionary act was not premised upon consideration of all relevant factors, was based upon consideration of irrelevant or inappropriate factors, or amounts to a clear error in judgment." Masone v. Levine, 382 N.J. Super. 181, 193 (App. Div. 2005).

After our review of the record, we conclude the trial court did not abuse its discretion in denying plaintiff's reinstatement motion. The court's finding

that defendant was unduly prejudiced due to plaintiff's delay in moving to reinstate its complaint is based on substantial, credible evidence in the record. The case was removed from federal court to state court in April 2020 and thereafter, was dismissed for lack of prosecution in October 2020. At the point plaintiff moved to reinstate its complaint in December 2023, the matter had been dismissed for over three years. Both the dismissal warning and dismissal order were posted in the e-courts filing system and emailed to plaintiff's counsel of record. The record also clearly establishes plaintiff's counsel was aware of the dismissal order as early as 2021 when plaintiff's counsel requested defendant consent to restore its complaint.

We concur with the trial court that there would be substantial prejudice to defendant if the case were reinstated because defendant had ceased operations approximately eight years earlier in 2015, its owner had passed away prior to its closing, and the mechanics or employees with relevant knowledge surrounding the underlying events and condition of the tractor would be extremely difficult to locate after such an extended lapse of time. The court's conclusions that plaintiff failed to show good cause due to plaintiff's unreasonable delay in moving to reinstate its complaint, its lack of any substantiated efforts to prosecute its claims and the substantial prejudice suffered by defendant caused

by these delays that would impede defendant's opportunity to fairly defend against plaintiff's claims were amply supported by the record.

In reaching this conclusion, we are respectfully mindful of the sad circumstances of counsel's illness and passing, but nonetheless, are not persuaded the trial court abused its discretion.

Affirmed.

I hereby certify that the foregoing is
a true copy of the original on file in
my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1475-23