**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2090-24

WILMINGTON SAVINGS FUND
SOCIETY, FSB, not in its individual
capacity but solely as OWNER
TRUSTEE OF THE ASPEN GROWTH
IV TRUST, a Delaware Statutory Trust,

      Plaintiff-Respondent,

v.

JOHN J. MCKEON and SUSAN
J. MCKEON, husband and wife,

      Defendants-Appellants,

and

CHRIS KARAMANOS, MAXINE A.
REID and DISCOVER BANK,

      Defendants.

_____

CREDIT SUISSE FIRST BOSTON
MORTGAGE SECURITIES CORP.,
CSFB, MORTGAGE-BACKED
PASS-THROUGH CERTIFICATES,
SERIES 2005-12, U.S. BANK NATIONAL
ASSOCIATION, as trustee,

Plaintiff-Respondent,

v.

JOHN J. MCKEON and SUSAN J. MCKEON, husband and wife,

Defendants-Appellants,

and

DISCOVER BANK, CHRIS KARAMANOS, WILMINGTON SAVINGS FUND SOCIETY, FSB, not in its individual capacity but solely as OWNER TRUSTEE OF THE ASPEN GROWTH IV TRUST, a Delaware Statutory Trust, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., AS NOMINEE FOR ACT LENDING CORPORATION d/b/a ACT MORTGAGE CAPITAL, a Florida Corporation, and MAXINE A. REID, his, her heirs, devisees and personal representatives and his, her, their or any of their successor in right, title and interest,

Defendants.

_____

Submitted April 21, 2026 – Decided May 5, 2026

Before Judges Perez Friscia and Vinci.

On appeal from the Superior Court of New Jersey, Chancery Division, Morris County, Docket Nos. F-000227-22 and F-014565-23.

A-2090-24

The Serruto Law Firm, PC, attorneys for appellants (Roger A. Serruto, on the briefs).

McCalla Raymer Leibert Pierce, LLP, attorneys for respondent Wilmington Savings Fund Society, FSB (Djibril Carr, on the brief).

Robertson, Anschutz, Schneid, Crane & Partners, PLLC, attorneys for respondent Credit Suisse First Boston Mortgage Securities Corp., CSFB (John D. Krohn, on the brief).

PER CURIAM

Defendants John J. and Susan J. McKeon appeal from a January 31, 2025 order denying their motion to consolidate two foreclosure actions pending against them. We affirm.

On August 29, 2005, defendants executed a note in the amount of $320,000 in favor of ACT Lending Corporation d/b/a ACT Mortgage Capital (ACT) secured by a mortgage on property in Mendham Township, which was assigned to plaintiff Wilmington Savings Fund Society, FSB as owner trustee of Aspen Growth IV Trust (Wilmington) on August 26, 2021 (the Wilmington loan). Wilmington alleges defendants defaulted on the Wilmington loan on March 1, 2006.

On January 11, 2022, Wilmington filed its foreclosure action against defendants in the Chancery Division, Morris County, Docket No. F-000227-22

A-2090-24

(the Wilmington action). Final judgment was entered in the Wilmington action on May 2, 2024.

Also on August 29, 2005, defendants executed a second note in the amount of $1,000,000 in favor of ACT secured by a mortgage on the same property, which was assigned to plaintiff Credit Suisse First Boston Mortgage Securities Corp., CSFB Mortgage-Backed Pass-Through Certificates, Series 2005-12, U.S. Bank National Association, as Trustee (Credit Suisse) on June 12, 2006 (the Credit Suisse loan). Credit Suisse alleges defendants defaulted on the Credit Suisse loan on June 1, 2020. On December 29, 2023, Credit Suisse filed its foreclosure action against defendants in the Chancery Division, Morris County, Docket No. F-014565-23 (the Credit Suisse action).

On December 3, 2024, defendants filed a motion in the Wilmington action to consolidate the Wilmington and Credit Suisse actions. They argued the actions concern two loans that originated on the same day, by the same lender, and are secured by the same property. Defendants also argued they attempted to refinance the Credit Suisse mortgage with Wells Fargo Bank, N.A. (Wells Fargo) in 2009 and, through that process, "came to understand that the Wilmington [l]oan was no longer a factor." Defendants contended they executed a loan modification agreement with Wells Fargo and "gleaned from their

dealings with Wells Fargo that their signature o[n] the [loan modification agreement] would be sufficient to end their exposure to liability" on both loans.

On January 31, 2025, the court entered an order denying the motion supported by a written opinion. It found "it would be improper to consolidate the Credit Suisse and Wilmington [a]ctions" because they "are at different stages of litigation" and "the underlying loans are different in both terms and dates." At the time the consolidation motion was filed, the parties were actively litigating the Credit Suisse action and final judgment had already been entered in the Wilmington action. The court concluded "it would prejudice the parties and cause confusion if [it] consolidated the actions." This appeal followed.

On appeal, defendants argue the court "did not properly weigh or analyze the various elements involved in deciding whether or not to consolidate" the actions. They argue "while it may technically be true that the cases are at different stages," the stage "that is impactful" is "the immediacy of a Sheriff's sale in the Wilmington [a]ction," which "can . . . be stayed without prejudice to Wilmington because of its security in the property."

Defendants argue the "more relevant and appropriate consideration . . . is the settlement stage." They assert "[c]onsolidation has the potential to facilitate settlement by bringing all parties to the transactions under scrutiny in this

litigation to one table."  They also argue Wells Fargo's conduct "may have implications for the priority of the Credit Suisse loan over . . . the Wilmington loan" and priority is disputed.

We review a trial court's decision to grant or deny a party's motion to consolidate for an abuse of discretion.  Moraes v. Wesler, 439 N.J. Super. 375, 378 (App. Div. 2015).  An abuse of discretion "arises when a decision is 'made without a rational explanation, inexplicably departed from established policies, or rested on an impermissible basis.'"  Flagg v. Essex Cnty. Prosecutor, 171 N.J. 561, 571 (2002) (quoting Achacoso-Sanchez v. Immigr. & Naturalization Serv., 779 F.2d 1260, 1265 (7th Cir. 1985)).

Pursuant to Rule 4:38-1(a), "[w]hen actions involving a common question of law or fact arising out of the same transaction or series of transactions are pending in the Superior Court, the court on a party's or its own motion may order the actions consolidated."  Whether or not to consolidated actions is left to the sound discretion of the trial court.  Hammer v. Hammer, 36 N.J. Super. 265, 273 (App. Div. 1955).

There is no basis for us to find the court misapplied its discretion by denying defendants' motion to consolidate.  The Wilmington and Credit Suisse actions were filed at different times by different mortgage holders based on

default dates many years apart. They involve different loan terms and legal arguments and are at different stages of litigation. In fact, the motion to consolidate was filed more than six months after final judgment was entered in the Wilmington action while the parties were actively litigating the Credit Suisse action.

We are unpersuaded by defendants' claim that consolidation should have been granted because it "has the potential to facilitate settlement." Consolidation is appropriate "[w]hen actions involving a common question of law or fact arising out of the same transaction or series of transactions," not to facilitate settlement of separate actions. R. 4:38-1(a).

To the extent we have not specifically addressed any remaining arguments, it is because they lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*m.c. Harley*

Clerk of the Appellate Division