

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-13-2006

# Gimenez v. Morgan Stanley DW

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2762

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

## Recommended Citation

"Gimenez v. Morgan Stanley DW" (2006). *2006 Decisions.* Paper 325.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/325

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**ALD-3**                                                           **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

NO. 06-2762
_____

HUMBERTO GIMENEZ

Appellant,

v.

MORGAN STANLEY DW, INC.
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-01848)
District Judge:  Honorable Anne E. Thompson

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
October 5, 2006

Before:  SLOVITER, McKEE and FISHER, Circuit Judges.

(Filed  October 13, 2006)
_____

OPINION
_____

PER CURIAM

Humberto Gimenez, a *pro se* litigant proceeding *in forma pauperis*, appeals an

order of the United States District Court for the District of New Jersey dismissing his

complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Because the appeal is

without legal merit, we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).

Gimenez's complaint alleges misconduct arising out of a 2004 sale of stock

conducted by Appellee, Morgan Stanley DW, Inc. ("Morgan Stanley"), on behalf of

Gimenez's corporation, Humberto Gimenez Corp. The District Court dismissed

Gimenez's complaint on *res judicata* grounds, citing four prior instances where state and

federal courts dismissed complaints filed by Gimenez (either on behalf of himself or his

corporation) against Morgan Stanley based on the same set of facts.[1]

An appeal filed by a litigant proceeding *in forma pauperis* is subject to dismissal at

any time if it lacks an arguable basis in law or fact. See 28 U.S.C. § 1915(e)(2)(B)(i);

Neitzke v. Williams, 490 U.S. 319, 325 (1989). *Res judicata* is a proper basis for

dismissal under 28 U.S.C. § 1915(e)(2)(B). See Gleash v. Yuswak, 308 F.3d 758, 760-61

(7th Cir. 2002). The doctrine of *res judicata* bars a plaintiff who has received a final

judgment on the merits from relitigating the same claim against the same defendant. See

CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999); see also

---

[1] Gimenez v. Morgan Stanley D W, No. L-9293-04 (N.J. Super. Ct. Mar. 4, 2005) (dismissed with prejudice); Gimenez v. Morgan Stanley D.W., Civ. No. 05-cv-3633 (D.N.J. Aug. 26, 2005) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)); Humberto Gimenez Corp. v. Morgan Stanley D.W., Inc., Civ. No. 05-cv-4623 (D.N.J. Nov. 14, 2005) (dismissed "with prejudice" for failure to retain counsel and properly refile complaint within specified period of time); Gimenez v. Morgan Stanley D.W., Inc., Civ. No. 06-cv-0752 (D.N.J. Mar. 15, 2006) (dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)).

Churchill v. Star Enterprises, 183 F.3d 184, 194 (3d Cir. 1999) (res judicata precludes successive suits against the same defendant based on same underlying events). A dismissal that is specifically rendered "with prejudice" qualifies as an adjudication on the merits and thus carries preclusive effect. See Gambocz v. Yelencsics, 468 F.2d 837, 840 (3d Cir. 1972). A dismissal under the *in forma pauperis* statute also qualifies as an adjudication on the merits carrying preclusive effect for purposes of any future *in forma pauperis* actions raising the same claim. See Cieszkowska v. Gray Line New York, 295 F.3d 204, 205-06 (2d Cir. 2002).

As explained by the District Court, Gimenez's claims are barred on *res judicata* grounds. We note that although Civ. No. 05-cv-4623 was brought by Gimenez on behalf of his eponymous corporation, that case's disposition precludes Gimenez from subsequently bringing the same suit on behalf of himself. See Transamerica Occidental Life Ins. Co. v. Aviation Office of America, Inc., 292 F.3d 384, 392 (3d Cir. 2002) ("Res judicata acts as a bar to relitigation of an adjudicated claim between parties and those in privity with them."); In re Teltronics Services, Inc., 762 F.2d 185, 191 (2d Cir. 1985) ("A judgment against a corporation bars later litigation on the same cause of action by an officer, director, or shareholder of the corporation if the individual participated in and effectively controlled the earlier case."). The other two dismissals, which were entered pursuant to a *sua sponte* determination of frivolousness under the *in forma pauperis*

3

statute, preclude Gimenez from bringing the same claim against the same defendant while in possession of *in forma pauperis* status.

Based on the foregoing, we conclude that Gimenez's appeal lacks legal merit and we will dismiss it under 28 U.S.C. § 1915(e)(2)(B).