**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1512-20

DERRICK FOSTER,

     Plaintiff-Appellant,

v.

TROY D. FRYE and
CITY OF NEWARK,

     Defendants-Respondents.

_____

HIPOLITO FELIX,

     Plaintiff,

v.

DERRICK FOSTER,

     Defendant-Appellant,

and

DERRICK FOSTER,

     Third-Party Plaintiff,

v.

TROY D. FRYE and
CITY OF NEWARK,

    Third-Party Defendants/
    Respondents.

_____

Argued April 27, 2022 — Decided July 25, 2022

Before Judges Hoffman, Geiger, and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket Nos. L-3062-20 and L-7029-18.

Christina Vassiliou Harvey argued the cause for appellant (Lomurro, Munson, Comer, Brown & Schottland, LLC, attorneys; Richard Galex, of counsel; Christina Vassiliou Harvey, of counsel and on the briefs).

Azeem M. Chaudry argued the cause for respondents Troy D. Frye and City of Newark (Kenyatta K. Stewart, Corporation Counsel, attorney; Emilia Perez, Assistant Corporation Counsel, and Azeem M. Chaudry, Assistant Corporation Counsel, on the brief).

PER CURIAM

Plaintiff Derrick Foster appeals a January 13, 2021 Law Division order granting summary judgment dismissal in favor of defendants Troy Frye and the City of Newark (the Newark defendants). The trial court determined that dismissal of Foster's automobile negligence complaint against the Newark

defendants was required by the plain language of N.J.S.A. 59:9-6, a provision of the Tort Claims Act (TCA), N.J.S.A. 59:1-1 to -14. After carefully reviewing the record, we are satisfied that N.J.S.A. 59:9-6 does not contemplate the unusual circumstances presented in this appeal. We conclude that the negotiated dismissal of a related counterclaim was not, in this unique context, a judgment or settlement for purposes of that statutory provision. We therefore vacate the grant of summary judgment dismissal and remand to the trial court for further proceedings on plaintiff's action against the Newark defendants.

Because we presume the parties are familiar with the pertinent facts and procedural history, we only provide a brief summary. Foster, an off-duty Newark police officer, was injured in a motor vehicle accident involving an on-duty Newark police officer, Frye. Frye was driving a police vehicle. Frye's partner, Hipolito Felix, was in the passenger seat of the police vehicle.

The trial court found that on November 2, 2017, Frye "unexpectedly made an improper U-turn" while in pursuit of a suspect who Frye and Felix believed to be armed. The improper turn brought the police vehicle into the path of Foster's privately-owned vehicle, which was traveling in the opposite direction. Foster sustained serious injuries in the ensuing collision.

A-1512-20

On October 4, 2018, plaintiff brought suit against Frye in Essex County Superior Court, claiming negligence, and against the city of Newark under the principle of respondeat superior. We refer to this suit as the "major claim." On March 15, 2019, the Newark defendants filed their answer.

On October 26, 2019, Felix filed a complaint against plaintiff, but not against Frye. We refer to this action as the "minor claim." On March 4, 2020, Foster filed an answer to Felix's complaint along with a third-party complaint against the Newark defendants, demanding contribution in the event Foster was found liable in the minor claim. That third-party complaint is important because its eventual resolution as part of the settlement of Frye's lawsuit is at the center of the present controversy.

We note that Foster's interests with respect to the minor claim suit were represented by a different attorney than the one who represented him with respect to the major claim. In the original action between Foster and the Newark defendants, Foster was represented by a law firm that he had retained (Foster's counsel). With respect to the minor claim, New Jersey staff counsel for Foster's insurance carrier, Progressive Insurance Company (Progressive), represented Foster's interests as to the claims made against him by Felix, but was actually

defending Progressive's independent interests with respect to the minor claim. We therefore refer to that attorney as Progressive's counsel.

On April 8, 2020, the Newark defendants jointly moved to consolidate Foster v. Frye (the major claim) and Felix v. Foster (the minor claim). Foster's counsel opposed the consolidation.

On April 24, 2020, the Essex County Assignment Judge entered an order granting the Newark defendants' motion, consolidating the two lawsuits "into a single action . . . for all purposes . . . [.]" Citing Moraes v. Wesler, that order explained that "[h]ere, consolidation is appropriate because both actions arise out of the same motor vehicle accident and involve the same parties. . . . Absent consolidation of these actions for joint resolution, there is a risk of inconsistent jury verdicts." 439 N.J. Super. 375, 379 (App. Div. 2015).

The same day the consolidation order was entered, Progressive's counsel signed on Foster's behalf a stipulation of dismissal, with prejudice, of the minor claim suit. In the settlement, filed May 11, 2020, "[i]t [was] stipulated and agreed, by and between counsel for plaintiff, Hipolito Felix and counsel for defendant, Derrick Foster that this action be dismissed as to defendant, Derrick Foster with prejudice and without costs." The record shows that counsel representing the Newark defendants had proposed that the dismissal on the

minor case include a provision dismissing the third-party complaint against the Newark defendants. We add that although the stipulation purports to have been agreed to by counsel for Foster, in fact, the stipulation had been negotiated by and agreed to by Progressive's counsel. So far as the record shows, Foster's counsel played no role in the negotiations that resulted in the settlement of the minor claim.

The resolution of the minor claim provided that Progressive would pay Felix a nominal amount, $3,000, in consideration for his agreement to dismiss his lawsuit. It also provided for the dismissal of the third-party contribution claim against the Newark defendants raised in response to Felix's suit against Foster. Foster received no compensation whatsoever from the settlement of the minor claim.

On April 29, 2020, a notice of dismissal against the Newark defendants was filed. The notice was captioned:

> HIPOLITO FELIX, Plaintiff, v. DERRICK FOSTER, et al. Defendants[] and DERRICK FOSTER, Third Party Plaintiff, v. TROY D. FRYE, JR. and CITY OF NEWARK, Third Party Defendants.

The notice stated:

> Take Notice that the above Third-Party Complaint against Troy D. Frye, Jr. and the City Of Newark is hereby dismissed with prejudice and without costs."

6

The notice of dismissal was signed by an attorney serving as counsel for "Defendant/Third-Party Plaintiff, Derrick Foster." We reiterate and emphasize, however, that the attorney who signed the stipulation was Progressive's counsel, not Foster's counsel. So far as we can determine from the record, Foster's counsel played no role in the negotiations resulting in the settlement of the minor claim and was not noticed as to that settlement. The record shows that Progressive's counsel sent an email notifying Newark's counsel of the settlement with Felix, but Foster's counsel was not included among the email recipients. As we have noted, the record also shows that Newark's counsel had first proposed that the settlement of the minor claim include the dismissal of the third-party claim against the Newark defendants.

The same day the notice of dismissal of the minor claim was filed, Felix signed a "Release of All Claims Relating to a Lawsuit Filed Under Docket # PAS-L-3380-19" in which he agreed to "give up any and all claims and rights which [he] may have against [Foster] that are the subject of the lawsuit . . . arising from an accident which occurred on [November 3, 2017], which action has been or will be dismissed with prejudice." On July 31, 2020, the trial court entered a consent order "dismissing the third-party complaint in the Passaic matter and transferring the Passaic matter to Essex County[.]"

7

On November 20, 2020, the Newark defendants moved for summary judgment in the major claim action. The issue before the trial court was whether the settlement dismissing with prejudice Foster's third-party contribution claim against the Newark defendants as part of the minor claim lawsuit precluded Foster from pursuing the major claim lawsuit against the Newark defendants by operation of N.J.S.A. 59:9-6.

On January 13, 2021, the trial court heard oral argument on the summary judgment motion, at the conclusion of which the court rendered an oral ruling concluding that "the statute provides a complete bar to recovery to the plaintiff." The judge concluded that the settlement of the minor case (against Foster) means the major case (against the Newark Defendants) is barred by the plain language of N.J.S.A. 59:9-6. The court therefore found that "the notice of dismissal [of the minor case] is . . . a judgment on the merits that carries preclusive effect as to the major case [against the Newark defendants]."

On January 13, 2021, following oral arguments, the court entered an order and accompanying four-page Statement of Reasons granting the Newark defendants' motion for summary judgment and dismissing plaintiff's complaint against the Newark defendants with prejudice. The statement of reasons explained in pertinent part:

8

The court agrees with [Newark] [d]efendants that the statute provides a complete bar to recovery for [p]laintiff. Even viewing the facts in a light most favorable to [p]laintiff, it cannot be said that any of plaintiff's arguments in opposition are enough to defeat the recovery bar contemplated by the statute. When [p]laintiff settled the claims with Hipolito Felix and dismissed—voluntarily—his claims against [d]efendants, the statute became effective, thus barring the claims at issue today. The two cases indeed arise out of the same set of operative facts, leading to the consolidation that was granted by Judge Floria and is not being challenged today. The minor case has settled and thus, the major case is barred under N.J.S.A. 59:9-6.

In support of this conclusion, the court finds that the notice of dismissal is a judgment on the merits that carries preclusive effect as to the major case. Gimenez v. Morgan Stanley DW, Inc., 202 F. App'x 583, 584 (3d Cir. 2006); see also Negron v. Donna, No. CIV09-0807(FSH)(PS), 2010 WL 10501463 at 3 (D.N.J. March 19, 2010). The court is not convinced by [p]laintiff's argument that the statute does not apply to third-party claims or claims for contribution and indemnification, or that the thrust of the statute is guided by an intent to prevent double recovery by a party. Indeed, the statute makes no distinction as to whether the underlying determination is in favor of the claimant. Plaintiff has pursued its remedy and after a determination on the merits (the notice of dismissal), this court is not willing to give it the proverbial "second bite at the apple."

This appeal followed. Foster raises the following contentions for our consideration:

9

POINT I

THE TRIAL COURT'S CONSTRUCTION OF THE NEW JERSEY TORT CLAIMS ACT WAS ERRONEOUS AND VIOLATED THE PLAIN LANGUAGE OF THE STATUTE.

POINT II

THE TRIAL COURT'S RELIANCE ON FEDERAL PRECEDENT WAS ERRONEOUS.

POINT III

THE TRIAL COURT MISCONSTRUED THE ENTIRE CONTROVERSY DOCTRINE AS BARRING FOSTER'S CONSOLIDATED CLAIMS.

POINT IV

THE TRIAL COURT'S CONSTRUCTION OF THE STATUTE IS ERRONEOUS BECAUSE IT LED TO AN ABSURD RESULT.

Our review of a trial court's summary judgment order is de novo. Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (citing Mem'l Props., LLC v. Zurich Am. Ins. Co., 210 N.J. 512, 524 (2012)). Accordingly, the trial court's analysis is not entitled to any special deference. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

A-1512-20

We apply the same standards as the trial court when reviewing an appeal of an order granting summary judgment. Walker v. Atl. Chrysler Plymouth, Inc., 216 N.J. Super. 255, 258 (App. Div. 1987). Summary judgment should be granted when the pleadings and discovery show "that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). A genuine issue of material fact exists when the discovery materials, "viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

The Supreme Court has clearly stated that "[t]he overriding goal of all statutory interpretation 'is to determine as best we can the intent of the Legislature, and to give effect to that intent.'" State v. S.B., 230 N.J. 62, 67 (2017) (quoting State v. Robinson, 217 N.J. 594, 604 (2014)). As a result, "[t]o determine the Legislature's intent, we look to the statute's language and give those terms their plain and ordinary meaning because 'the best indicator of that intent is the plain language chosen by the Legislature[.]'" State v. J.V., 242 N.J. 432, 442–43 (2020) (first citing DiProspero v. Penn, 183 N.J. 477, 492 (2005); and then quoting Johnson v. Roselle EZ Quick, LLC, 226 N.J. 370, 386 (2016)).

Accordingly, "[i]f, based on a plain and ordinary reading of the statute, the statutory terms are clear and unambiguous, then the interpretative process ends, and we 'apply the law as written.'" Id. at 443 (quoting Murray v. Plainfield Rescue Squad, 210 N.J. 581, 592 (2012)). It is inappropriate for "[a] court . . . [to] rewrite a plainly[ ]written enactment of the Legislature [or to] presume that the Legislature intended something other than that expressed by way of the plain language." Ibid. (second alteration in original) (quoting O'Connell v. State, 171 N.J. 484, 488 (2002)). However, "[i]f . . . the statutory text is ambiguous, [courts] may resort to 'extrinsic interpretative aids, including legislative history,' to determine the statute's meaning." Ibid. (quoting S.B., 230 N.J. at 68). Furthermore, "[c]ourts may also consider extrinsic evidence if a plain reading would lead to an absurd result or if the overall statutory scheme is at odds with the plain language." State v. Bishop, 429 N.J. Super. 533, 547 (App. Div. 2013) (citing DiProspero, 183 N.J. at 493).

N.J.S.A. 59:9-6 reads:

> a. Where a claimant has pursued his [or her] remedy against a public entity for a claim arising out of the act or omission of a public employee of a public entity, a judgment or settlement shall be a complete bar to suit against the employee in a claim arising from the same subject matter.

A-1512-20

b. Where a claimant has pursued his [or her] remedy against a public employee for a claim arising out of the act or omission of a public employee of a public entity, a judgment or settlement shall be a complete bar to suit against the entity in a claim arising from the same subject matter.

We agree with the trial court that the language of the statute is clear and unambiguous. The narrow issue before us, then, is whether the resolution of the minor claim by settlement, which includes the dismissal of the third-party claim against the Newark defendants, was a judgment or settlement within the meaning of the statute. In these unusual circumstances, we conclude it was not because in practical effect, the settlement of the minor claim was between Felix and Progressive and because Foster's own attorney did not participate in the settlement negotiations to represent his interests, which were independent of the interests of the insurance carrier.[1]

---

[1] We note that neither party asserts Progressive was required to obtain Foster's approval to settle the minor claim. See Am. Home Assur. Co., Inc. v. Hermann's Warehouse Corp., 117 N.J. 1, 7, 10 (1989) (holding that, although "[t]he nature of the relationship . . . require[s] an insurer to exercise good faith in its dealings with the insured, particularly when the insured's money or other interests—for example, reputation—may be at risk[,]" where policy includes no consent to settle clause, insurer does not violate duty of good faith simply by settling claim without consent of insured); see also Webb v. Witt, 379 N.J. Super. 18, 35 (App. Div. 2005) (concluding that "so long as the insurer does not procure a settlement in bad faith, it has not violated its fiduciary duties to its insureds solely by adherence to a policy that does not employ a consent to settle clause.").

Although the major and minor claims in this case were consolidated "for all purposes," we do not believe N.J.S.A. 59:9-6 provides that a lawsuit brought by an individual against a government entity is precluded by a settlement or judgment pertaining to another lawsuit arising from the same incident that was settled by an insurance carrier pursuant to negotiations that protected only its own independent interests and where those settlement negotiations did not include the attorney representing the individual who brought the primary lawsuit against the government entity. We add that, in this case, it appears that counsel for Newark influenced the terms of the settlement agreement between Felix and Progressive.

As we see it, the quarrel in this case is not about the plain meaning of the statute but rather the intended effect of the consolidation of the two lawsuits and the impact of that consolidation on the rights of the individual who first brought suit against the government entity and its employee. Cf., Viviano v. C.B.S., 101 N.J. 538, 546, 556 (1986) (relaxing the "mechanical application" of the statute of limitations, N.J.S.A. 2A:14-2, noting that to "do otherwise would permit concealment and technicality to triumph over the interests of justice"); see also State v. Marshall, 173 N.J. 343, 354 (2002) (recognizing the Court has

repeatedly emphasized "[t]he importance of striking a balance between the competing interests of finality of judgments and fundamental fairness").

In this instance, we doubt that the Assignment Judge would have granted the motion for consolidation had he been apprised that the practical and nearly immediate effect of the consolidation would be to terminate the major claim or else discourage the independent resolution of the minor claim. Nor do we believe that the trial court would have accepted the settlement of the minor claim without soliciting input from Foster's counsel had the court been apprised that the immediate effect of that settlement would be to categorically preclude Foster from pursuing a non-frivolous negligence action against the Newark defendants.[2] We thus conclude that the interests of justice require that we vacate the grant of summary judgment dismissal in favor of the Newark defendants.

In view of our holding to vacate the order of summary judgment dismissal of the major claim, we need not remand for the trial court to conduct a hearing and to make findings on whether the motion for consolidation and the nearly simultaneous stipulation regarding the minor claim were deliberately structured

---

[2] As we noted, the trial court stated that Frye had "unexpectedly made an improper U-turn" in the marked police vehicle leading to the collision.

by the participating attorneys to trigger N.J.S.A. 59:9-6 and thereby preclude Foster from pursuing the major claim.  We do not retain jurisdiction.

Reversed and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1512-20